Donald E. Orloski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUM-LISH JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Arnold H. Cantor,* with him *David G. Petonic,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., October 18, 1978:

Donald E. Orloski, Claimant, appeals from a decision of the Unemployment Compensation Appeal Board of Review (Board) denying him benefits.

Claimant served for approximately 13 years as a carrier for the United States Post Office until he was apprehended by the Postal Inspection Service for the

alleged theft and destruction of mail in July, 1976. The Board, which denied benefits for the compensable weeks ending August 21, 1976 and August 28, 1976, affirmed the referee's decision, citing Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

. . .

The referee made only two findings of fact relative to our inquiry:

2. Claimant was suspended from his employment effective July 31, 1976, after being apprehended by the Postal Inspection Service on July 28, 1976 for the theft and destruction of mail.

. . . .

4. Criminal charges have been filed against the claimant.

Claimant urges on appeal that the Board's findings of fact do not support a legal conclusion of willful misconduct. We agree.[1]

Once again, we are reminded that in an unemployment compensation case, the burden is upon the employer to prove that a discharged employee is guilty of willful misconduct. *See Williams v. Unemployment*

---

[1] Claimant also raises several objections to the evidence in support of Finding of Fact No. 2, contending that any finding that Claimant engaged in the theft or destruction of mail is only supported on the record by uncorroborated hearsay. Because of our disposition of this appeal, we need not address these contentions.

*Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). Though not statutorily defined, we have repeatedly defined willful misconduct. In *Lytle v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 77, 80, 387 A.2d 962, 963 (1978), we wrote:

> [T]he wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer [constitute willful misconduct].

Without doubt, theft and destruction of mail are willful misconduct. However, the Board's finding that Claimant was apprehended and criminally charged cannot support its conclusion of willful misconduct. The employer must produce substantial evidence upon which the Board may find as a matter of fact the commission of a specific act or acts of willful misconduct. *See Unemployment Compensation Board of Review v. Vereen,* 29 Pa. Commonwealth Ct. 252, 370 A.2d 1228 (1977).

Our scope of review is limited to questions of law. We are not at liberty to infer findings not actually made by the Board. *See Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975).

So that we may properly review its conduct, it is incumbent upon the Board to make detailed and precise findings of fact which are supported by the record as a whole. Here, the Board's findings are inadequate and, hence, we must remand for complete and supportive findings, if any, regarding the willful misconduct issue.

Accordingly, we

### ORDER

AND Now, this 18th day of October, 1978, the decision of the Unemployment Compensation Board of Review denying benefits to Donald E. Orloski is vacated and the matter remanded for specific findings as to whether Claimant purloined or destroyed the mail and, if so, to conclude as a matter of law that these transgressions constitute willful misconduct.