Leroy B. Taylor, Sr. et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Robert Hawthorne, Inc., Respondents.

Costanza Policino et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and James D. Morrissey, Inc., Respondents.

Wallis J. Wright, Robert J. Harner and James Brown, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Quick-Way, Inc., Respondents.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Michael H. Katz,* with him *Warren J. Borish,* and *Meranze, Katz, Spear & Wilderman,* for petitioners.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 26, 1979:

Leroy B. Taylor, Sr., Costanza Policino, and Wallis J. Wright (claimants) have appealed to this Court from orders of the Unemployment Compensation Board of Review (Board), which affirmed a referee's denial of their claims for benefits. Because these appeals stem from the same labor dispute, each of them representing a test case by the employees of three separate employers, they have been combined for the purposes of these proceedings.

On May 16, 1974, members of Teamsters Union Locals 470, 312 and 384 struck and established picket lines at the premises of Robert Hawthorne, Inc., James D. Morrissey, Inc., and Quick-Way, Inc. The claimants, each of whom was employed by one of these companies, but were not members of the striking union, refused to cross the picket lines asserting that their consequent failure to report for work was because of their fear of violence to themselves and their property. The referee, however, made the following findings in each case:

3. Although some verbal threats were made, the picket lines were orderly, and no acts of violence were reported.

4. Claimant was a Member of the Automatic [*sic*] and Body Builders Local Union No. 724, International Ass'n. of Machinists.

5. Claimant did not cross the picket lines and did not report for work during the period of the work stoppage, although work was available for Members of the Automotive and Body Builders Local Union Number 724, and the claimant could have worked had he desired to do so.

Accordingly, she concluded that the claimants had voluntarily honored the picket lines and were therefore disqualified from receiving benefits under Section 402 (d) of the Unemployment Compensation Law,[1] 43 P.S. §802(d), which precludes benefits when the unemployment is the result of participation in a labor dispute. On its review, the Board concluded that the referee's determination was proper. Before this Court the claimants argue that their refusal to cross the picket line was justifiable because they had a bona fide fear of violence and injury as a result of the conduct of the pickets.

On an appeal from an adjudication of a Commonwealth agency, we must affirm unless constitutional rights have been violated, an error of law has been made, the rules of agency procedure have been violated or a finding of fact necessary to support the adjudication is not supported by substantial evidence. 2 Pa. C.S. §704. No question of procedure or constitutionality is raised here, so we will confine ourselves to determining whether or not the evidence supports the findings and the law has been properly applied.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

Claimant Taylor testified that he arrived for work on the first day of the strike and that, as he approached the picket line, some of the men yelled, ''Nobody's crossing this line today, we've got a strike here.'' He also testified that on the previous evening another union member had paint thrown on his car, but he could not connect this incident with the strike. He was not otherwise threatened, nor did he know of anyone else who was. He made no further attempt to cross the line for the duration of the strike, although he returned to the job site every day.

Claimant Wallis J. Wright testified that when he arrived at the work site there were 15 or 20 pickets present. He said, ''I was going to work and they told me if I crossed the picket line, they were going to do me bodily harm and do injury to my car, and they threatened me.'' He said that the pickets were using profane language and that they told him they knew where he lived. He also said that he came back every day, but that the situation was the same.

Claimant Costanza Policino testified as follows: ''I approached the gate and I was stopped. So they says 'There's a strike here.' I says, 'Well I don't know nothing about it.' They said, 'It's to your best interest not to go in.' So I backed out.'' He also testified that his brother encountered the same situation. He did not return to the job site, but called his supervisor once or twice a week to inquire about the status of the strike.

Two other employees presented essentially similar testimony concerning the activity at the picket line. No one reported any incidents of actual violence.

The evidence unquestionably supports the referee's findings in regard to the character of the picket line. The only material issue, therefore, is whether or not the claimants were justified in not crossing the picket line because of the threats made by the pickets.

In *Unemployment Compensation Board of Review v. G. C. Murphy Co.,* 19 Pa. Commonwealth Ct. 572, 583, 339 A.2d 167, 173 (1975), we said:

> [T]hreats of violence in the ordinary case must, in order to justify a refusal to cross picket lines . . . occur at the employer's premises, have the purpose and effect of preventing the claimants from working and must *in addition be accompanied by a show of force* at the picket lines sufficient to instill in a reasonable person a genuine fear for his personal safety. . . . (Emphasis added.)

See *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975). Mere verbal threats, as in the present case, clearly do not justify a refusal to cross a picket line.

We do not believe, therefore, that the Board erred in concluding that the claimants were ineligible for benefits.[2]

The orders of the Board are affirmed.

### ORDER

AND Now, this 26th day of February, 1979, the orders of the Unemployment Compensation Board of Review in the above-captioned cases are affirmed.

---

[2] The claimants also argue that the Board's award of benefits to claimants in another case arising from the same labor dispute is inconsistent with its denial here. However, our review is confined to the evidence in *this* case. Moreover, the Board's opinion in that case clearly reflects a different state of the record.