S. Lawrence Woodhouse et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and United Parcel Service, Respondents.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Ira Silverstein*, for petitioners.

*James Crawford*, with him *J. B. Millard Tyson* and *Schnader, Harrison, Segal & Lewis*, for respondents.

OPINION BY JUDGE CRUMLISH, JR., August 13, 1979:

Twelve claimants, members of the International Association of Machinists Local No. 724, have filed a mass appeal to the Unemployment Compensation Board of Review's (UCBR) denial of benefits under the disqualifying provision of Section 402(d) of the Unemployment Compensation Law (Act),[1] 43 P.S. §802(d).

Because Lawrence Woodhouse's claim was erroneously considered a "test case" in these circumstances, claimants have not been accorded a full and fair determination of their appeals. We vacate UCBR's denial and remand.

Claimants are journeymen maintenance mechanics, porters and carwashers who are employed by United

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

Parcel Service (UPS) and who worked at five different UPS locations in Pennsylvania: Philadelphia (15 E. Oregon Avenue), Norristown, Jenkintown, West Chester and Doylestown. On September 15, 1976, UPS drivers, members of the Teamsters Local No. 623, struck and established picket lines at each of the sites. During the ensuing 13-week strike, claimants were unemployed.

Section 402(d) provides that all persons who are unemployed because of a labor dispute are ineligible for benefits unless they can requalify themselves for compensation by showing they meet three requirements set forth in the proviso to Section 402(d): (1) they neither participated in nor became directly interested in the dispute, (2) they did not belong to an organization which either participated in or became directly involved in the dispute, and (3) they are a different grade or class of workers than those participating in or directly interested in the dispute.

The only obstacle left to claimants' requalification, because they are a different class or grade from the striking drivers and *were not* members or affiliates of the striking union, is to prove that they were not statutory participants in the strike. *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975).

At the referee's hearing, claimants testified to distinctly different reasons for their unemployment which varied from site to site. At two of the sites, claimant testified that their refusal to cross the picket lines was involuntary because of a real and substantial fear of violence.[2] Other claimants, who worked at

---

[2] In *Unemployment Compensation Board of Review v. G. C. Murphy Co.,* 19 Pa. Commonwealth Ct. 572, 578, 339 A.2d 167, 171 (1975), Judge ROGERS, writing for this Court, articulated:

The now firmly established and salutary court-made rule governing the decision here is that workers not participat-

the Doylestown, Jenkintown and Norristown locations, testified that their unemployment was also involuntary because there was no work available at these locations.

The referee made one set of factual findings denying benefits to claimant Kenneth Pierce and issued separate orders denying benefits to the other claimants who were represented at the hearing based on the referee's belief that the issues were similar. On appeal, UCBR made essentially the same findings under the caption "Lawrence Woodhouse et al."[3] Woodhouse worked at the West Chester site and had testified that his attempt to report to work was met by threats from armed pickets who were throwing firecrackers.

First we must determine whether UCBR erred by treating Woodhouse's appeal as "test case" not withstanding the parties' express stipulation at the hearing that no one claim should be dispositive of all claims where five different picket lines and factual dissimilarities among the claimant's testimony existed.

Section 505 of the Act, 43 P.S. §825, and UCBR's regulations at 34 Pa. Code §101.22, allow the consolidation of claims posing the same or substantially similar issues. Here, the consolidation of the claims for the purpose of adducing evidence when separate treatment would result in duplication of testimony was both proper and economically sound.

---

ing in a labor dispute who refuse to cross a picket line due to a reasonable and genuine fear of physical injury inspired by actual or threatened violence are eligible for unemployment compensation.

See also *Taylor v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 577, 398 A.2d 231 (1979) ; *Unemployment Compensation Board of Review v. Tickle, supra.*

[3] Kenneth Pierce did not appeal the decision of the referee.

However, we said in *Aluminum Co. of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974), consolidation for fact-finding purposes is not permitted where the results may prejudice any party. Such prejudice exists where factual findings which address themselves merely to one claim effectively dispose of factually and legally dissimilar claims.

UCBR's findings of fact include blanket statements which *could* be construed as applying to all five UPS locations; *i.e.,* that continuing work was available to members of claimants' bargaining group and that no violence or threat of violence occurred during the work stoppage. However, in its discussion, UCBR makes specific reference to Woodhouse's testimony and dismisses it as incredible. This discussion, which is afforded the same weight on review as a finding of fact, *Reasner v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 292, 387 A.2d 679 (1978), relates solely to Woodhouse's claim. UCBR did not make any specific reference to the testimony of other individual claimants although their encounters with the five different picket lines were dissimilar.

We will not infer findings not actually made by UCBR, *Orloski v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 174, 392 A.2d 333 (1978), nor will we hazard affording UCBR's findings greater breadth than was intended. Thus, as in *Aluminum Co. of America, supra,* we must vacate UCBR's denial and remand with the direction that UCBR either treat each appeal separately for the purpose of making its findings or create categories of appeals according to each picket line so as to insure against the inappropriate use of a "test case" that would dispose of factually dissimilar appeals.

Accordingly, we

## ORDER

AND Now, this 13th day of August, 1979, we vacate the decision of the Unemployment Compensation Board of Review in this case dated January 6, 1978, and remand for further findings of fact as to each claimant individually or to categories of claimants to be created by the Board to contain claims substantially similar, and for a redetermination of the instant appeals in light of the additional findings.