Charlotte Ruck, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

606

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*John J. Robinson, Jr.,* with him *Gerald R. Schultz,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 18, 1980:

Charlotte Ruck (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) disallowing appeal of a referee's decision which denied her benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The referee found the claimant guilty of willful misconduct in connection with her employment. She argues, however, that the evidence on which the referee's decision was based

was hearsay to which she objected and which therefore cannot support his findings.

The claimant had been employed by a nursing home as a charge nurse on the night shift when her services were terminated after five and one-half months. At the hearing before the referee, her supervisor testified that she personally had heard complaints of mistreatment from patients and employees, but most of the details of the supervisor's testimony were, as the claimant asserts, hearsay. Moreover, while the claimant did admit to some of the particulars of the charges against her, she presented them in different and less incriminating light. The referee made no findings as to any actual misconduct on the part of the claimant but did make the following significant findings:

3. The employer discharged claimant because the employer received complaints from the patients and claimant's subordinates as to the manner in which the claimant treated them.

4. A number of employees terminated their employment with the Home for Homeless Women because of their objections to the way in which claimant treated them.

After reviewing the record and the findings, we believe that this case must be remanded to the Board for further consideration and findings as to what specific acts of misconduct, if any, were committed.

Finding number 4, in our opinion, is not supported by competent evidence. In addition, finding number 3 seems to us to establish not that the claimant was engaged in any actual misconduct, but only that others complained about her, and such a finding cannot support a determination of willful misconduct. *See Orloski v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 174, 392 A.2d 333 (1978).

608

## Order

And Now, this 18th day of April, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and the case is remanded to the Board for the purpose of making new and adequate findings of fact consistent with the opinion herein.

President Judge Bowman did not participate in the decision in this case.

---

Dissenting Opinion by Judge Rogers:

I respectfully dissent. The burden of proving that the claimant was guilty of willful misconduct was on the employer. As the majority records, the employer adduced no competent evidence that the claimant committed any act of misconduct. It follows the order of the Board of Review denying compensation should be reversed. I see no reason for remanding.