Donald E. Orloski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Dorean D. Nelson*, with her *Arnold H. Cantor*, for petitioner.

*Steven R. Marcuse*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 20, 1980:

Donald E. Orloski has appealed from an order of the Unemployment Compensation Board of Review denying unemployment compensation benefits on the ground of his willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Orloski was employed by the United States Postal Service as a postal carrier for about thirteen years.

In July 1976, following an investigation, Orloski was apprehended by the Postal Inspection Service for the alleged theft and destruction of mail. He was suspended and subsequently dismissed from his employment. The Office of Employment Security, a referee and the Board all found Orloski ineligible for unemployment compensation benefits for willful misconduct in stealing and destroying mail. Unfortunately, the referee found as facts only that Orloski was suspended after being apprehended for theft and destruction of mail and that criminal charges had been filed against him. On appeal, this court vacated the Board's final determination and remanded "for specific findings as to whether Claimant purloined or destroyed the mail and, if so, to conclude as a matter of law that these transgressions constitute willful misconduct." *Orloski v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 174, 178, 392 A.2d 333, 335 (1978).

The Board upon remand took additional evidence through its referee and found as fact, *inter alia*, that:

2. The claimant was suspended from . . . employment effective July 31, 1976 after being apprehended by the Postal Inspection Services on July 28, 1976 for the theft and destruction of mail.

3. Criminal charges were filed against the claimant regarding the theft and destruction of mail.

4. On July 5, 1977 the claimant was found guilty of the charges in Federal Court and was sentenced to three years probation.

5. The claimant did purloin and destroy mail.

The Board concluded that as a matter of law, Orloski's theft and destruction of mail constituted willful misconduct, rendering him ineligible for unemployment compensation benefits.

The burden of proving willful misconduct is upon the employer, *Orloski v. Unemployment Compensation Board of Review, supra,* and Orloski contends that the Postal Service did not carry this burden by substantial competent evidence. Specifically, Orloski argues that the findings of fact quoted above are based solely on hearsay testimony and therefore cannot be sustained.

The law governing the use of hearsay to support a finding of the Board was set forth in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976):

> (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. . . . (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. (Emphasis in original.)

27 Pa. Commonwealth Ct. at 527, 367 A.2d at 370.

Turning first to the Board's fifth finding—that Orloski did purloin and destroy mail—a representative of the Postal Service testified that the Postal Inspection Service placed certain parcels, marked for identity and labeled either "Return to Sender" or its equivalent, at Orloski's mail pick-up stations, and that Orloski was observed picking up the parcels and also was observed destroying mail. The representative admittedly did not personally place the marked parcels, nor did he personally observe Orloski picking up these parcels or destroying mail. However, this testimony, while hearsay, was not objected to by Orloski, who was represented by counsel. We must therefore examine the record to see if any competent evidence exists to corroborate this hearsay and support the Board's finding.

We find that there is such corroborating evidence in the record. The Postal Service's representative testified that he had direct knowledge of the events which led to Orloski's apprehension and subsequent discharge. The representative personally inspected Orloski's returns when Orloski finished his deliveries and observed that the marked parcels, which should have been in these returns, were missing. This testimony, which is based upon the representative's personal participation and direct knowledge, is competent evidence to support the inference that Orloski did steal and destroy mail. It also provides necessary corroboration of the other consistent unobjected to hearsay evidence.

Obviously, the Board's finding that Orloski did purloin and destroy mail, which we believe is sufficiently supported in this record, in turn supports the conclusion that Orloski was guilty of willful misconduct.

Accordingly, we enter the following

### ORDER

AND Now, this 20th day of June, 1980, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Donald E. Orloski is affirmed.