540 A.2d 988

Emery Worldwide, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 26, 1988, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John J. Gallagher, McAllister & Gallagher, P.C.*, for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 2, 1988:

Emery Worldwide (Employer) appeals from the Unemployment Compensation Board of Review's (Board) affirmance of a referee's award of unemployment compensation benefits to Louis Sozio (Claimant).

Claimant was employed by Employer as a truck driver for 24 years, with his last day of work on February 27, 1986. Claimant was discharged for alleged theft from and conspiracy against Employer. Employer contested Claimant's claim for unemployment compensation benefits, contending that Claimant had engaged in willful misconduct and was therefore ineligible for benefits pursuant to section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The Office of Employment Security denied benefits, but the referee reversed, finding that Employer had not met its burden of proof. The Board affirmed. Employer appeals.

Employer presents two issues for review. First, Employer contends the referee erred in refusing to rely on the evidence presented by Employer. Employer introduced two exhibits, namely, a federal indictment against Mr. Herman Kramer and Mr. Kramer's change of plea memorandum[1] regarding the indictment, both of which name Claimant as a co-conspirator of Mr. Kramer. Employer also offered the testimony of one of its assistant managers. In the alternative, Employer requests that we order a remand so it may introduce the testimony of Mr. Kramer. Employer asserts a remand is warranted because while Mr. Kramer was unwilling to

---

[1] Mr. Kramer changed his plea to guilty.

testify at the hearing before the referee, he is now willing to cooperate with Employer, and has promised to testify in favor of Employer in any subsequent hearing regarding Claimant's unemployment compensation claim. We will address Employer's issues in order.[2]

We begin by noting that Employer bears the burden of proving willful misconduct. *Ulysses v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 340, 524 A.2d 552 (1987). In the present case, Employer sought to meet that burden by introducing the two above-noted exhibits, and reinforcing the exhibits with the testimony of a witness who read from the exhibits. Employer's witness testified that Employer had conducted an independent investigation which resulted in proof that Claimant was working for Employer the day of the theft. There is no indication that the referee failed to take note of this evidence.[3] We

---

[2] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether constitutional rights have been violated, or whether an error of law was committed. *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 16, 525 A.2d 458 (1987).

[3] In the "Reasoning" portion of his decision, the referee stated as follows:

In appeals involving a discharge for willful misconduct connected with work, the burden rests upon the employer to establish such misconduct. The employer has failed to meet that burden.

The employer has alluded to various hearsay statements comprising statements in an indictment by the United States of America against one Herman Kramer and allegations made therein and a Change of Plea Memorandum submitted by the United States Attorney, again making various allegations therein, in an effort to demonstrate claimant's involvement in a theft and conspiracy. The claimant has denied any such involvement in any theft or conspiracy. In the absence of any first hand competent testimony or evidence demonstrating willful misconduct on

will assume, without deciding, that all evidence offered by Employer was admissible and is to be given its normal probative effect.

Thus, the question we face is whether the evidence presented was sufficient to meet the Employer's burden of proving willful misconduct. The indictment and plea memorandum of Mr. Kramer name Claimant and another individual as co-conspirators in the receipt, sale and disposition of jewelry stolen from Employer's terminal in Folcroft, Pennsylvania. However, Claimant was never indicted for conspiracy or theft. Thus, there are two documents which name Claimant as a co-conspirator but not as a defendant. We hold that, as a matter of law, the naming of a claimant as a co-conspirator in the indictment of another is insufficient to prove that a claimant has engaged in willful misconduct.

That conclusion does not, however, end our analysis. As noted above, Employer also presented the testimony of another employee. Our review of the record establishes that the substance of Employer's witness's testimony was merely a restatement of the contents of the indictment and the plea memorandum. Notes of Testimony at 3-5. The only independent evidence consisted of the witness's testimony that: 1) the FBI notified Employer in May of 1984 that one of its employees was involved in the theft; 2) Claimant was an employee of Employer at the time of the theft; 3) Employer conducted its own internal investigation of the theft, which consisted of pulling the federal grand jury records on Mr. Kramer; and 4) Claimant was discharged in February of 1986 after Employer had conducted its investigation. Notes of Testimony at 3-5. In short, Employer's witness presented a summary of the federal records, sprinkled with the two independent facts that Claimant worked

the part of claimant, that claimant can not be disqualified from the receipt of unemployment compensation benefits under Section 402(e) of the Law.

for Employer in May of 1984 and that Claimant was discharged in February of 1986. We stated earlier that evidence of the naming of a claimant in the indictment of another is not sufficient to prove willful misconduct. It would be unreasonable to hold that a summary of the record surrounding an indictment increases the weight of the evidence so as to meet an employer's burden of proof. Accordingly, we decline to so hold.

Although there is no caselaw directly on point, our holding is nonetheless predicated on past decisions. Various cases have dealt with similar issues. In *Orloski v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 174, 392 A.2d 333 (1978), we remanded a case to the Board because, although the referee had stated that criminal charges had been filed against the claimant, this finding alone did not support the Board's conclusion of willful misconduct.[4] *Id.* at 177, 392 A.2d at 334. Similarly, our interpretation of Section 3 of the Act, 43 P.S. §752, which requires that a claimant become unemployed through no fault of his own, has yielded a body of caselaw which provides that a mere arrest is not sufficient to render a claimant ineligible. *Wallace v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 327, 476 A.2d 1028 (1984); *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976). *See also Snelson v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 539, 502 A.2d 734 (1985) (particular circumstances of alleged crime sufficient to establish ineligibility).[5]

---

[4] On remand, benefits were denied again. We affirmed that denial, based on the Board's more extensive findings of fact. *Orloski v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 254, 415 A.2d 720 (1980).

[5] We emphasize that these cases provide only guidance. Section 3 issues generally focus on whether the conduct alleged is inimical to the employer's interest, *see, e.g., Snelson*, which is not the issue before us.

We next address Employer's request for a remand on the ground that Mr. Kramer is now willing to testify for Employer. We deny the request. To order a remand under these circumstances would allow Employer the proverbial second bite at the apple. It was within Employer's power to seek a subpoena to compel Mr. Kramer's testimony. Sections 506 and 507 of the Act, 43 P.S. §§826 and 827; *Farmland Industries, Inc. v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 57, 478 A.2d 524 (1984). Employer did not do so and, notwithstanding Mr. Kramer's newfound spirit of cooperation, we will not provide a second chance.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, May 2, 1988, the order of the Unemployment Compensation Board of Review is affirmed.