IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verizon Pennsylvania LLC,            :
                    Petitioner       :
                                     :   No. 1766 C.D. 2016
            v.                       :
                                     :   Submitted: February 17, 2017
Workers' Compensation Appeal         :
Board (Neugebauer),                  :
                    Respondent       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: July 13, 2017


          Verizon Pennsylvania, LLC (Employer) petitions for review of the October 19, 2016 order of the Workers' Compensation Appeal Board (Board), which affirmed the order of a Workers' Compensation Judge (WCJ) denying Employer's petition to review compensation benefit offset (review offset petition).

          The underlying facts of this case are not in dispute and were stipulated to in an earlier proceeding. James J. Neugebauer (Claimant) sustained an injury to his back while lifting a manhole cover in the course and scope of his employment on August 18, 2014. At the time of the injury, Claimant was earning $2,057.80 per week, thereby entitling him to the maximum compensation rate of $932.00 per week in 2014. Claimant had filed a claim petition against Employer on November 3, 2014,

and had testified at a hearing held on December 10, 2014, relating to this petition. Claimant acknowledged at this hearing that he had received short-term disability benefits from Metropolitan Life, but these benefits ended in November 2014. The parties agreed to preserve the right to litigate any potential credit for these benefits at a later date. Claimant returned to work full time, with no wage loss, on March 9, 2015. Employer agreed to pay Claimant for the lost time period of August 22, 2014, through March 9, 2015, at the maximum compensation rate of $932.00 per week, a total of 28 weeks and 4 days of lost pay totaling $27,334.66, with interest. Employer also agreed to pay all of Claimant's reasonable, necessary, and work-related medical bills. As of March 9, 2015, Claimant's benefits would be suspended. (WCJ's Finding of Fact No. 4.)

On September 16, 2015, Employer filed its review offset petition seeking a credit for the short-term disability benefits which it fully funded and which Claimant admitted receiving during the course of the earlier litigation. Claimant filed an answer denying the allegations and requesting unreasonable contest attorney fees. The matter was assigned to the WCJ, who proceeded with hearings.

At these hearings, Employer presented the testimony of John Meyer, a workers' compensation manager for Employer. Meyer described his duties as overseeing Employer's third-party administrator, Sedgwick Claims Management Services, Inc. (Sedgwick), and the return-to-work efforts of injured employees. Meyer noted his familiarity with Employer's plan regarding short-term disability benefits and Claimant's previous testimony that he received the same. However, Meyer stated his belief that these benefits were paid for the period from August 30, 2015, through November 26, 2015. He stated that Claimant received $15,784.20 in short-term disability benefits. Meyer denied knowledge of any contract term that

2

would allow Claimant to keep his short-term disability benefits and also receive workers' compensation benefits. (Reproduced Record (R.R.) at 9a-11a.)

Employer thereafter proceeded to submit two exhibits into evidence, without objection from Claimant. The first exhibit included the WCJ's decision in the earlier litigation, premised upon the parties' stipulation and dated July 31, 2015, and the second exhibit included a transcript of Claimant's testimony from the December 10, 2014 hearing wherein he acknowledged receiving short-term disability benefits. In this testimony, Claimant acknowledged that he received short-term disability benefits from Metropolitan Life but noted that the same had been terminated by the time of the hearing. However, Claimant did not know if Employer fully funded these benefits. Claimant later testified that he thought that the short-term disability benefits ceased around November 26, 2014. (R.R. at 11a-12a, 43a, 46a.)

On cross-examination, Claimant explained that the amount of his short-term disability benefits varied week to week and could not recall exactly when he started receiving these benefits. When asked how long such benefits would last under the collective bargaining agreement between Employer and the union representing the employees, Claimant noted his belief that the duration of such benefits was dependent upon the number of years of service. (R.R. at 48a-49a.)

By decision and order dated March 30, 2015, the WCJ denied Employer's review offset petition. The WCJ concluded that Employer failed to meet its burden of proving entitlement to a credit for short-term disability benefits paid to Claimant. While the WCJ generally credited Meyer's testimony, she noted that such testimony indicated that Claimant received short-term disability benefits during the period from August 30, 2015, through November 26, 2015, a different time period than the compensable time period for Claimant's disability recognized in the parties'

earlier stipulation of facts, i.e., August 22, 2014, through March 9, 2015. The WCJ also concluded that Employer failed to establish an entitlement to a future credit against Claimant's workers' compensation benefits and that Employer's contest was reasonable. Employer appealed to the Board, but the Board affirmed.

On appeal to this Court,[1] Employer argues that the Board erred in affirming the WCJ's decision and describing the record as vague regarding any overlap dates between Claimant's receipt of payments of short-term disability benefits and workers' compensation benefits. Employer also argues that a remand is warranted so as not to deprive Employer of the equal protection and due process of the law. We agree.

Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671, provides in pertinent part, as follows:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

---

[1] On appeal, our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 261 n.3 (Pa. Cmwlth. 2006).

In this case, the parties stipulated in the underlying litigation of Claimant's claim petition as to Claimant's entitlement to workers' compensation benefits for the closed period from August 22, 2014, through March 9, 2015. The parties further stipulated that Claimant received short-term disability benefits which ended sometime in November 2014, and that Employer was preserving its right to litigate a potential credit for the payment of these benefits in the future. Indeed, Claimant acknowledged during a December 10, 2014 hearing in the underlying litigation that he had received short-term disability benefits from Metropolitan Life and that these benefits ceased around November 26, 2014.

Consistent with the preservation of its right in the stipulation, on September 16, 2015, Employer filed its review offset petition seeking a credit for the short-term disability benefits which it allegedly fully funded and which Claimant admitted receiving during the course of the earlier litigation. In a review offset proceeding, the employer claiming a benefit offset bears the burden of proving its entitlement to a credit. *Glaze v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 41 A.3d 190, 196 (Pa. Cmwlth. 2012). More specifically, the employer bears the burden of proving the extent to which it funded the payments at issue, which may include actuarial evidence. *Id.*

In support of its review offset petition, Employer presented the testimony of Meyer, and introduced two exhibits, the WCJ's earlier July 31, 2015 decision and the transcript of Claimant's testimony at the December 10, 2014 hearing. While Meyer testified as to his belief that Claimant received short-term disability benefits for the period from August 30, 2015, through November 26, 2015, totaling $15,784.20, it is clearly evident that Meyer simply confused the year in which these benefits were paid. Indeed, Claimant admitted at the December 10, 2014

5

hearing that he received short-term disability benefits that ceased as of November 26, 2014, and the parties stipulated that Claimant had in fact returned to full-time employment as of March 9, 2015.

Moreover, in the present matter, Claimant introduced an exhibit entitled "Your Disability Benefits," which described the multiple disability plans offered to employees by Employer, including accident/short-term disability benefits. (R.R. at 80a-115a.) This document reflects that a full-time employee is covered for short-term disability benefits as of the first day of work. (R.R. at 87a.) Importantly, this document further provides that Employer will pay the full costs of an employee's coverage under the plans, R.R. at 88a, and that "[i]f you are eligible for any Workers' Compensation or other state-mandated disability payments, your Verizon Plan benefits may be reduced by these amounts," R.R. at 91a. Historically, an employer's right to subrogation was premised on prohibiting a claimant from receiving a double recovery for the same injury. *See*, *e.g.*, *Murphy v. Workers' Compensation Appeal Board (City of Philadelphia)*, 871 A.2d 312, 317 (Pa. Cmwlth. 2005).

Contrary to Claimant's argument, Employer is not seeking a remand to have a proverbial second bite at the apple. Rather, Employer is seeking a remand to correct the Board's erroneous description of the record in this matter as being vague regarding the overlap between Claimant's receipt of payments of short-term disability benefits and workers' compensation benefits. The record in this case includes Claimant's admission that he received short-term disability benefits in 2014 and that such benefits ended during the period in which he was also receiving workers' compensation benefits. Both the WCJ and the Board failed to reconcile Claimant's admissions with the other evidence of record, including the short-term disability plan

6

funded solely by Employer and Meyer's obviously mistaken reference to Claimant's receipt of short-term disability benefits in 2015 instead of 2014.[2]

Accordingly, the order of the Board is vacated and the matter is remanded to the Board, with further instruction to remand to the WCJ, to reconcile the evidence and admissions noted above with regard to Claimant's receipt of short-term disability benefits, to permit the presentation of additional evidence, if necessary, and to issue new findings of fact and conclusions of law with respect to Employer's entitlement to a credit for the short-term disability benefits paid to Claimant.

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] Claimant also suggests that Employer's request for a remand may also be barred by the principles of res judicata and/or collateral estoppel. However, we do not believe that such principles apply given the lack of a final judgment in this action or a final resolution of the dispositive issue herein.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verizon Pennsylvania LLC, : 
               Petitioner : 
                           :    No. 1766 C.D. 2016
              v. : 
                           : 
Workers' Compensation Appeal : 
Board (Neugebauer), : 
               Respondent : 

## ***ORDER***

AND NOW, this 13th day of July, 2017, the order of the Workers' Compensation Appeal Board (Board), dated October 19, 2016, is hereby vacated and the matter is remanded to the Board, with further instruction to remand to the Workers' Compensation Judge, for the presentation of additional evidence, if necessary, and new findings of fact and conclusions of law with respect to the entitlement of Verizon Pennsylvania, LLC, to a credit.

Jurisdiction relinquished.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verizon Pennsylvania LLC, :
                    Petitioner :
                               :
         v.                    : No. 1766 C.D. 2016
                               : Submitted: February 17, 2017
Workers' Compensation Appeal   :
Board (Neugebauer),            :
                    Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: July 13, 2017

        I respectfully dissent.  Verizon Pennsylvania, LLC (Employer) had
ample opportunity to present evidence in support of its petition to review
compensation benefit offset.  It failed to do so.  In ordering a remand, the majority
grants Employer the "proverbial second bite at the apple" to which it is not
entitled. *Emery Worldwide v. Unemployment Compensation Board of Review*, 540
A.2d 988, 990 (Pa. Cmwlth. 1988).

        James J. Neugebauer (Claimant) and Employer stipulated that
Claimant suffered a work injury and was entitled to full disability benefits from
August 22, 2014, through March 9, 2015, when Claimant returned to work full-
time with no wage loss.[1]  The parties also stipulated that Claimant received short-

---

[1] Claimant, a 27-year employee, injured his back removing a manhole cover.  When Employer
refused to acknowledge liability for the injury, Claimant filed a claim petition.  The parties
settled the litigation with a stipulation.

term disability benefits from Metropolitan Life that ended in November 2014, and they agreed to preserve Employer's right to litigate a potential short-term disability credit. The stipulation was approved by the Workers' Compensation Judge (WCJ) on July 31, 2015.

On September 16, 2015, Employer filed a review offset petition, arguing that Claimant had received short-term disability benefits that were fully funded by Employer. At the hearing before the WCJ, Employer presented the testimony of one witness, John Neyer, a manager for Employer. His testimony was as follows:

> [Employer's counsel:] Do you know the weeks [Claimant] received [short-term] disability benefits?
>
> [Neyer:] It ended in November, I believe, August through November, I think.
>
> [Employer's counsel:] I have August 30, 2015 through November 26, 2015. Does that sound right?
>
> [Neyer] Yes.
>
> [Employer's counsel:] Do you know the total of the short-term disability that [C]laimant received?
>
> [Neyer:] During that period, I think, $15,000, roughly.
>
> [Employer's Counsel:] I have $15,784.20. Does that sound correct?
>
> [Neyer:] Yes.

Notes of Testimony, 1/20/2016, at 4 (N.T. ___); Reproduced Record at 10a (R.R. __). Employer also introduced two exhibits into evidence: (1) the WCJ's decision of July 31, 2015, approving the parties' stipulation, and (2) the transcript of

Claimant's testimony from the December 10, 2014, claim petition hearing. Employer did not explain the relevance of these exhibits.

Claimant did not cross-examine Neyer. Claimant expressed surprise at Neyer's testimony and asked to reserve the right to cross-examine him at a later date. The WCJ advised Claimant that this was the final hearing, but gave Claimant 14 days to submit additional evidence. The WCJ stated that the record would be closed in 14 days and the parties were to file briefs "within 30 days of your receipt of today's transcript." N.T. 7; R.R. 13a.

On April 1, 2016, the WCJ issued a decision denying Employer's review offset petition. Therein, the WCJ noted that following the hearing, Claimant submitted a contingent fee agreement; litigation costs; and a Summary Plan-Disability Benefits document describing Employer's disability benefits. Claimant Exhibit C-2; R.R. 80a-115a.

The WCJ found that the period during which Claimant collected short-term disability benefits, *i.e.* August 30, 2015, through November 26, 2015, differed from the time period Claimant was deemed disabled, *i.e.*, August 22, 2014, through March 9, 2015. Neyer's testimony was Employer's only evidence on the period of claimant's short-term disability. There was no evidence of record to show that Claimant received short-term disability benefits in lieu of compensation during the time period from August 22, 2014, through March 9, 2015. The WCJ concluded, simply, that Employer did not sustain its burden that it was entitled to a credit.

On appeal, the Board agreed with the WCJ's conclusion. It rejected Employer's argument that Claimant's testimony was sufficient to establish

Employer's entitlement to a subrogation credit.[2]  The Board observed that Claimant did not know when he began receiving benefits, the amount of benefits he received or whether the benefits were fully funded by Employer.  As such, the Board found Claimant's testimony was too vague to meet Employer's evidentiary burden and affirmed the WCJ.

The majority accepts Employer's argument that a remand is warranted.  I disagree.  In a review offset proceeding, the employer has the burden of proving its entitlement to a credit and the extent to which it funded the plan at issue.  *Glaze v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 41 A.3d 190, 196 (Pa. Cmwlth. 2012).  Herein, Employer did not present any documentary evidence showing the extent to which it funded the disability benefit plan, the amount of benefits paid to Claimant, or the duration of the payments.  Instead, it relied on the testimony of Neyer, who related that Claimant received short-term disability payments over a period of time that did not coincide with the stipulated workers' compensation disability period.

The WCJ gave Employer 30 days following receipt of the transcript to file a brief.  Had Employer examined the transcript at that time and discovered the discrepancy, it could have requested that the WCJ reopen the record for additional

---

[2] Employer also claimed on appeal to the Board that the WCJ erred by allowing Claimant to offer the Summary Plan-Disability Benefits document into evidence after the close of the record. Employer complained the document was "not documented, authenticated, or relevant on its surface." Employer letter to WCJ, Certified Record No. 15. Because the Summary is not dated, it is not known if it was current when Claimant sustained his injury. The Board did not address these complaints.

The majority quotes portions of the Summary. *See* R.R. 87a-88a, 91a. The Summary was apparently prepared for national use. It refers to a "state disability" plan for which premiums may be withheld from "your pay." R.R. 88a. The Summary is not illuminating on the facts that Employer had to prove in the offset proceeding.

evidence. *Sharkey v. Workers' Compensation Appeal Board (Tempo, Incorporated)*, 739 A.2d 641, 644 (Pa. Cmwlth. 1999) ("It is well established that a WCJ has discretion to reopen the record, once closed, and such a decision will be not reversed by this Court absent an abuse of discretion."). Employer also could have requested a remand in its appeal to the Board. *Puhl v. Workers' Compensation Appeal Board (Sharon Steel Corporation)*, 724 A.2d 997, 1002 (Pa. Cmwlth. 1999) (Board may "exercise its discretion to order a remand of a case where the interests of justice necessitate that result."). Employer did neither. Only in its appeal to this Court, for the first time, did Employer request a remand to correct the record.

The majority states that "Employer is not seeking a remand to have a proverbial second bite at the apple[]" but "to correct the Board's erroneous description of the record in this matter as being vague ...." Majority Op. at 6. This statement is contradictory. The Court cannot conclude that the Board erred in describing the record as vague and also conclude that a remand is necessary because the record is insufficient to grant a credit. If the record is not vague, then there is no need for a remand. If a remand for new evidence is necessary, then the Board did not err in holding that Claimant's vague testimony did not make Employer's case. In either case, a remand is inappropriate. The majority's remand for new evidence is ordered for the sole purpose of allowing Employer a second chance. Appellate review corrects errors of the tribunal below; it does not correct errors of litigants.

In sum, Employer failed to meet its evidentiary burden and took no steps to correct or amend the record before the WCJ or the Board. This Court does not permit a litigant to raise new issues in its petition for review, nor do we order a

MHL-5

remand to correct a record a litigant had every opportunity to make below. *Williams v. Workers' Compensation Appeal Board (Montgomery Ward)*, 562 A.2d 437, 440 (Pa. Cmwlth. 1989); *Emery Worldwide*, 540 A.2d at 990.

Because the Board did not err, I would affirm its adjudication.

_____
MARY HANNAH LEAVITT, President Judge