William Sorge, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued February 4, 1977, before Judges Kramer, Rogers and Blatt, sitting as a panel of three.

*Charles A. Bressi, Jr.,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Blatt, March 16, 1977:

William J. Sorge (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of unemployment compensation benefits. Sorge was disqualified from benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides in pertinent part:

The claimant was discharged from employment as a receiver with David Kahn, Inc. after an altercation with his supervisor. It is undisputed, and the referee specifically found, that Sorge "grabbed the supervisor by the throat with his hands." Sorge argues, however, that his actions were justified because they were provoked by accusations of the supervisor regarding Sorge's performance of his duties and because the supervisor had raised his hands to strike the claimant first.

In reviewing an unemployment compensation case, this Court is confined to a determination as to whether or not the findings of the compensation authorities are supported by substantial evidence and to questions of law, including the question of whether or not an employe's actions constitute willful misconduct. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). And, in a willful misconduct case, the burden is upon the employer to prove that an employe deliberately violated the employer's rules or standards of behavior which the employer has a right to expect. *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976).

The record in this case contains contradictory testimony with regard to the supervisor's actions during the argument, although the claimant testified that the supervisor had struck him first. The Board determined, however, that Sorge "resented the critical remarks made by his supervisor and he grabbed the

---

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

supervisor by the throat with his hands." It apparently did not consider the testimony of Sorge to the contrary to be credible. The Board, of course, is the ultimate fact-finder, and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975). We can find no reason to disturb the Board's finding here.

Moreover, the law is clear that language, however abusive, does not justify an assault and battery. *Beville v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974); *Thorne Unemployment Compensation Case,* 167 Pa. Superior Ct. 572, 76 A.2d 485 (1950). Physical attacks are clearly in disregard of the most basic standards of behavior which any employer may reasonably expect. *Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 351 A.2d 700 (1976).

The employer here has met his burden of proving willful misconduct and we, therefore, will affirm the decision of the Board which denied benefits to this claimant.

ORDER

AND Now, this 16th day of March, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.