Beverly L. Mrasz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges Blatt, Di-Salle and Craig, sitting as a panel of three.

78

*Beverly L. Mrasz*, petitioner, for herself.

*David R. Confer*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, August 14, 1979:

Beverly L. Mrasz (Claimant) filed this petition for review from the order of the Unemployment Compensation Board of Review, dated October 24, 1977, denying her benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The Board made the following pertinent findings of fact:

1.  The claimant was last employed for five years by Kennametal, Inc., [Kennametal] as a factory worker at the rate of $4.70 per hour, and her last day of work was June 3, 1977.

2.  The claimant was on sick leave from June 6, 1977 to July 25, 1977 and was released by her physician as being able to return to work on July 25, 1977.

3.  The claimant notified her employer of her release to return to work but requested that

she not return because she still did not feel completely well.

4. The claimant, during her conversation with the employer on July 25, 1977, asked for a personal leave of absence; she was informed that the granting of personal leaves of absence were a matter of discretion for the employer.

5. The employer informed the claimant that unless she obtained a doctor's certification that she was unable to return to work on August 1, 1977, she would be dismissed.

6. The claimant, although she requested a personal leave, was not granted one and she did not report to work on August 1, 1977.

7. The company policy provides that employees must return to work from sick leave immediately after being released by their doctor or be subject to an immediate discharge.

8. The claimant was discharged for not reporting to work after her release as being able and available to return to work by her physician and for not obtaining a medical certification that she was unable to return to work as of August 1, 1977.

Claimant's sick leave in June, 1977, was taken for the purpose of undergoing a hysterectomy. Despite her own physician's opinion that she was able to resume work on July 25, 1977, Claimant contended she was still not capable of performing the duties expected of her at Kennametal. When she so informed her employer's representative, she was given an additional week off and was told that it was necessary for her to secure a doctor's excuse if she was not able to return to work. Claimant informs us that she made no effort to acquire medical certification of her inability to return to work, partly because she did not want to go to another physician, and partly because she

felt the employer should "trust her," by accepting her statements regarding her physical condition and her inability to work.

Kennametal's policy, which Claimant admits knowing, required medical certification under these circumstances to extend her sick leave. This requirement is certainly reasonable; otherwise it would put the burden on the employer to evaluate every claim of inability to work because of medical reasons without the benefit of a professional medical opinion. While we sympathize with Claimant's predicament, we cannot find any justifiable or good cause for her failure to obtain a medical excuse. *See McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978).

Since there is indeed substantial evidence to support the Board's findings of fact and we perceive no error of law to have been committed, we are compelled to affirm the denial of benefits.

ORDER

AND Now, this 14th day of August, 1979, the order of the Unemployment Compensation Board of Review, dated October 24, 1977, denying benefits to Beverly L. Mrasz, is hereby affirmed.