Dennis E. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

152

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Richard Sandow,* with him *Stuart A. Cilo,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Charles S. Solet,* General Counsel, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 11, 1980:

The petitioner, Dennis E. Miller, appeals from an order of the Unemployment Compensation Board of Review affirming a referee's denial of unemployment benefits. The referee had determined that the petitioner had been discharged for derelictions constituting "willful misconduct" and was therefore ineligible for benefits, by force of Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Petitioner Miller worked as a gas station manager for the Hidlay Oil Company until November 11, 1978, when he was discharged. The employer predicated the discharge on three alleged derelictions by the petitioner: (1) failing to prepare written work orders before servicing automobiles, as required by company rules; (2) failing to keep the gas station clean; and (3) failing to prevent loitering, also in violation of company rules.

The employer's testimony was sufficient to establish that within about three weeks before the petitioner was discharged there were three occasions to warn him about not filling out the written work orders, called "bay slips". The last warning was the day before he was discharged. The employer also described some unspecified occasion when several people were seen loitering on the station premises in the presence of Miller.

The referee found that Miller *failed* to prepare written work orders as required by company rules, and that he permitted other employees to service automobiles without seeing that the work orders were filled

out. The referee found that the petitioner did not enforce the employer's rule against loitering; and that the petitioner had been warned on several occasions about not following the rules. The only other findings by the referee were as to the length of employment, salary, and date of discharge. Based on these findings, which the referee numbered as four, it was concluded that the petitioner had committed "willful misconduct" within the meaning of Section 402(e) of the Law. The Board, in affirming, did no more than to adopt the referee's findings and conclusions.

Whether conduct rises to the level of "willful misconduct" is a question of law for this Court to decide. *Paige v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 141, 394 A.2d 1318 (1978). It is clear that an intentional and deliberate violation of an employer's reasonable rules constitutes "willful misconduct". However, there must be a finding that the claimant's conduct was willful, deliberate or intentional. *E.G., Sorge v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 282, 370 A.2d 818 (1977). Mere incompetence and inability, which may justify discharge, do not constitute "willful misconduct" as to deny benefits. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). More directly to the point of the instant case, this Court has held that an unintentional violation of an employer's rules does not constitute "willful misconduct". *Frazier v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 411 A.2d 580 (1980).

In the instant case, the referee made four sketchy findings. He made no finding whatsoever as to whether the claimant's failures were deliberate, intentional or due to incompetence. In other words, there is no finding as to a necessary element.

The referee's findings of fact must include all findings necessary to resolve issues raised by the evidence and relevant to a decision. *Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). This Court, as an appellate court, is not at liberty to infer findings not actually made by the Board or referee. *Kostek v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978); *Orloski v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 174, 392 A.2d 333 (1978).

On Appeal from a decision of the Board finding a claimant guilty of "willful misconduct", the case must be remanded where the findings are inadequate to allow this Court to pass on the legal question of whether the claimant's conduct rises to the level of "willful misconduct". *Curtis v. Unemployment Compensation Board of Review, supra.*

The petitioner asserts that his failures and omissions do not rise to the level of "willful misconduct", as a matter of law. In light of that contention, the failure of the referee to make any finding which shows the petitioner's omissions to be a deliberate disregard of the employer's rules requires a remand for additional findings. While the referee's findings clearly imputed certain omissions and failures to the petitioner, those omissions on their face are consistent with being the product of intent or incompetence or honest inability to control the job situation. The referee made no finding tending to show which of these forces produced the petitioner's derelictions. It is not for this Court to infer which one. Given the state of the referee's findings, this Court cannot determine whether the petitioner's failures rise to the level of "willful misconduct" in the legal sense. Accordingly, we remand this case to the Board.

ORDER

AND NOW, the 11th day of June, 1980, the Order of the Unemployment Compensation Board of Review in decision No. B-169640, dated March 7, 1979, denying benefits to the above petitioner, is hereby reversed and the record remanded for additional findings of fact.