Margaret P. Myers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Michael J. Hohenadel, Nikolaus, Hohenadel & Greiner,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Charles Donahue,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, March 5, 1982:

Margaret P. Myers (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to claimant, pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Act).[1] We reverse and remand.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

In the hearing before the referee, claimant alleged that Mountville Wallpaper (employer) originally had hired her in 1971 as the comptroller of the corporation. Claimant asserted that in this position she had been responsible for general administrative work including maintaining the corporate ledger and preparing the profit and loss statements. Claimant further alleged that, in 1977, she had received the title of secretary/treasurer of the corporation, although she had continued in her position as comptroller. When the corporation later experienced financial difficulties, claimant maintained that the other corporate officers had attempted to borrow money without consulting her. Claimant alleged that, for this reason, she had signed a statement resigning from her position as secretary/treasurer, although she had intended to continue as comptroller of the corporation.

The referee's findings of fact, which were subsequently adopted by the Board, indicate that the referee rejected much of claimant's testimony. Apparently attaching credibility to the employer's witnesses, the referee found that "claimant had originally been hired as the office manager" and "claimant did not hold the position of comptroller of the corporation and the company never had a comptroller." In the discussion, the referee rejected the reasoning of the Office of Employment Security that claimant was ineligible for benefits on the ground that she was self-employed; the referee determined that claimant was not self-employed, since she did not "exercise a substantial degree of control over the corporation," in accordance with the standard announced in *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972). The referee nevertheless concluded that claimant was ineligible for benefits, pursuant to Section 402(b)(1) of the Act, for voluntarily leaving her employment without cause of a

necessitous and compelling nature. The referee based this conclusion on the finding that claimant was acting solely as the secretary/treasurer of the corporation when she voluntarily submitted her written resignation from this position.

On June 2, 1980, claimant filed a request for a rehearing, on the ground that additional evidence had come to light regarding her termination which had not been available at the time of the hearing before the referee. Claimant's attorney sent a followup letter advising the Board that evidence had surfaced indicating that claimant was comptroller of the corporation and did not voluntarily terminate her employment. Without holding a hearing or making its own findings of fact, the Board issued a decision on July 16, 1980, affirming the referee's determination. This decision made no reference to claimant's request for a rehearing.

On appeal, claimant argues that the Board abused its discretion by refusing to grant her a rehearing. Although the Act does not provide guidelines for the exercise of the Board's discretion in granting or denying a rehearing, it is generally understood that a proper ground for a rehearing is to afford the claimant an opportunity to adduce evidence not offered at the original hearing because it was not then available. *See Douglas v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977). We agree that the Board abused its discretion in this case, since claimant 'alleged that she had obtained evidence that had been unavailable at the time of the referee's hearing, and the Board held no hearing or other evidentiary proceeding to determine the validity of claimant's averments.

The Board asserts that it did not abuse its discretion in denying a rehearing, since claimant had known that the nature of her position at the corporation and

the circumstances under which she was separated from employment would be in issue before the referee. This argument would be persuasive if claimant simply had failed to introduce relevant evidence that was accessible at the time of the referee's hearing. Claimant has alleged, however, that the evidence was unavailable at the time of the original hearing. We therefore conclude that claimant was denied a fair hearing by the Board's refusal to grant a rehearing to consider the additional evidence. We accordingly remand this case for further proceedings consistent with the foregoing opinion.

### ORDER

AND NOW, this 5th day of March, 1982, the order of the Unemployment Compensation Board of Review, dated July 16, 1980, denying benefits to Margaret P. Myers, is reversed, and the case is remanded to the Board for further proceedings consistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.