539 A.2d 936

Edward C. Brady, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, to Judges MacPhail and Barry, and Senior Judge Narick, sitting as a panel of three.

*Mark T. Silliker,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge Barry, April 5, 1988:

Edward Brady (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee which affirmed a determination of the Office of Employment Security (OES) that claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.

Claimant, who had served in the Vietnam War, was last employed by Hershey Foods as a six-foot pan operator. His last day of work was March 18, 1986. He was discharged for assaulting a co-worker, a Vietnamese na-

tive who worked on the shift immediately prior to his. This individual did not initiate the altercation and did nothing to provoke the claimant's assault upon him.

Claimant filed for unemployment compensation benefits effective March 16, 1986. The OES, acting upon this application, denied claimant benefits based on its determination that claimant had engaged in willful misconduct. Claimant appealed from this determination and a hearing was held before a referee. Thereafter, the referee issued a decision affirming the OES and denying benefits to the claimant. Claimant then filed a timely appeal from that decision to the Board, which issued an order affirming the decision of the referee. This appeal followed.

Our scope of review in this matter is limited to determining whether constitutional rights have been violated, an error of law has been committed, and necessary findings of fact are supported by substantial competent evidence on the record. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Claimant contends that the employer failed to meet his burden of proving that he had engaged in willful misconduct. It is also contended that this matter must be remanded due to the Board's failure to make findings of fact relevant to the issue of whether claimant had good cause for his action.

In proceedings resulting in denial of benefits for willful misconduct, employer has the burden of proving the willful misconduct which renders the claimant ineligible for benefits. *Brant v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 373, 477 A.2d 596 (1984). Once a prima facie case of willful misconduct is set forth, however, the burden of proof shifts to the employee to prove that, under the facts of the particular case, his conduct does not constitute willful misconduct. *Ragland v. Unemployment Compensa-*

*tion Board of Review,* 59 Pa. Commownealth Ct. 48, 428 A.2d 1019 (1981).

A finding of willful misconduct requires evidence of (1) wanton or willful disregard of an employer's interest, (2) a deliberate violation of an employer's rules, (3) a disregard of the standards of behavior which an employer can rightfully expect from his employee or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interest or an employee's duties and obligations. *Kronstadt v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 318, 489 A.2d 310 (1985). Fighting with a fellow employee and assaulting a fellow employee falls within the third criterion. Such conduct is clearly in disregard of the most basic standards of behavior which any employer may reasonably expect. *Sorge v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 282, 370 A.2d 818 (1977).[1]

Claimant in the present matter admitted at the referee's hearing that he engaged in a fight with a co-employee and assaulted him during the course of that fight. Once he made this admission, the employer's burden of proof had been met, for a prima facie case of willful misconduct had been set forth. The burden then shifted to the claimant to prove that under the facts of his case, fighting with the co-employee and assaulting him did not constitute willful misconduct.

Claimant argues that his action in fighting with the co-employee and assaulting him was not *willful* misconduct because it was an impulsive manifestation of Post-Traumatic Stress Disorder (PTSD), an anxiety disorder

---

[1] Furthermore, in the present matter, such conduct falls within the second criterion, since the employer had a work rule against fighting in the workplace and claimant by his own admission, knew of that rule.

from which he suffers as a result of his combat experiences in Vietnam, and beyond his limits of self-control. Neither the Board nor the referee, however, made a specific finding of fact as to this particular alleged good cause.[2] Claimant argues that this matter must be remanded to the Board due to the lack of findings of fact on that issue.

Where there is nothing in the record to indicate that claimant had good cause for his action, the Board does not commit error where it concludes that a claimant's conduct constitutes willful misconduct, without making specific findings of fact and conclusions of law on the issue of good cause. *Maikits v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 491, 456 A.2d 1157 (1983). The Board would have us conclude that even if a claimant who assaults a co-employee is laboring under a mental disorder which rendered him unable to control his actions at that time, he would not have good cause for his action, so that no findings of fact relevant to a contention to that effect would be required. We need not, however, address that issue, since we find no competent evidence which supports the claimant's contention.

Nowhere in the record are we able to find testimony by a person possessing sufficient skill, knowledge or experience in the field of mental disorders that, in his or her opinion, the assault committed by the claimant was an impulsive manifestation of PTSD. Such testimony is necessary in the present situation because it is less than obvious that the assault committed by the claimant was

---

[2] The Board and referee did make a finding of fact that the co-employee did not provoke the claimant or initiate the altercation. Furthermore, the referee, in the reasoning portion of his decision, stated that in his opinion, psychological factors related to claimant's experience as a Vietnam Veteran would not mitigate against a finding of willful misconduct.

attributable to the mental disorder he was laboring under, so that the causal connection between the two could be inferred by the fact-finder, without the aid of expert testimony.

Claimant did offer for admission into the record a report prepared by his treating psychologist in which statements to the above effect were made. Counsel for the employer, however, objected to the admission of this report on the grounds that it was hearsay. That objection was valid. The document represented an unsworn statement made by a doctor who did not appear before the referee and give his testimony subject to cross-examination and was offered for the purpose of proving that what was stated therein was fact. Claimant argues that the report was admissible under the hearsay exception for representative admissions. Under that exception to the hearsay rule, statements made by an agent, employee or other representative of a party to the litigation are admissible as evidence if the representative had express or implied authority to make them. *See DeFrancesco v. Western Pennsylvania Water Co.,* 329 Pa. Superior Ct. 508, 478 A.2d 1295 (1984). However, that type of statement must be against the interest of the party. Assuming arguendo that claimant's mental disorder constituted good cause for his actions, the report would not be admissible under that hearsay exception since the statements made would not be contrary to the claimant's interest in the present matter.

Claimant further argues that, if this Court should find that the report constitutes hearsay evidence, it should remand this matter to the Board so that he may have the opportunity to present medical testimony.[3] He sets forth as a ground for the remand his psychologist's inability to attend the hearing before the referee be-

---

[3] Fn. 1 of petitioner's brief.

cause of his busy schedule, the referee's lack of equipment for the taking of the psychologist's testimony over the telephone, the refusal of counsel for the employer to attend a proposed deposition of the treating psychologist and the failure of the rules to provide for the taking of testimony by deposition in any regard. What claimant is asking for is a rehearing on this matter. None of the circumstances set forth by him, however, constitute grounds for a rehearing.

A rehearing is normally given to afford a party an opportunity to adduce evidence not offered at the original hearing because it was not then available. *Myers v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 175, 442 A.2d 28 (1982). The fact that claimant had difficulties in arranging for the taking of his psychologist's testimony does not compel a conclusion that such evidence was not available.

Claimant could have sought a subpoena from the referee compelling the psychologist to attend the hearing. 43 P.S. §826. If the psychologist had failed to comply with the subpoena, claimant could have had it enforced in the Court of Common Pleas. 43 P.S. §827. In addition, the Rules of Administrative Procedure do provide for the taking of testimony by deposition, although not as a matter of right. Rather, the proposed deposition must be approved by the agency head or the presiding officer. 1 Pa. Code §35.145. Here, although he had failed to file a written application for approval to take evidence by deposition, as he was required to do so by the rules, 1 Pa. Code §35.146, claimant secured approval from the referee to take the deposition of his treating psychologist, upon the condition that counsel for the employer agree to such a deposition (R.R. 14a). Counsel for the employer admittedly did not agree to the taking of the deposition. Claimant, however, has never complained that the referee acted improperly in con-

ditioning approval of the deposition upon employer's approval thereof.

Accordingly, the order of the Board is affirmed.

ORDER

Now, April 5, 1988, the order of the Unemployment Compensation Board of Review at No. B-251996, dated August 15, 1986, is hereby affirmed.