**WOODS SERVICES, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2005.

Decided Oct. 24, 2005.

---

Thomas E. Coval, Willow Grove, for petitioner.

Teresa H. DeLeo, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Woods Services (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) that reversed the order of the Unemployment Compensation Referee (Referee) and granted benefits to Brian K. Jackson (Claimant). We affirm.

Employer runs a residential treatment facility serving disabled children and

adults. Claimant began employment as a full-time client care worker for Employer on October 27, 2003. On July 16, 2004 he was suspended from employment pursuant to allegations that he punched a 17–year old client in the face, which allegations Claimant denied. As mandated by regulations governing Employer, the incident was reported to the Commonwealth's Department of Public Welfare, Office of Children, Youth and Families (OCY). During Claimant's suspension, the OCY investigated the allegation of abuse. Upon completion of its investigation, the OCY found that the report of child abuse was "indicated."[1] On August 2, 2004, Employer terminated Claimant's employment based on the OCY's determination.[2]

Claimant then filed an application for unemployment compensation benefits. On August 16, 2004, the Bureau of Unemployment Compensation Benefits and Allowances issued a notice of determination granting benefits. Employer timely appealed and a hearing was scheduled before the Referee. Although Employer attended the hearing and presented testimony, Claimant failed to appear. The hearing proceeded, however, and the Referee issued a decision denying benefits.

■ After considering Claimant's subsequent request for a new hearing, the Board remanded the matter for additional testimony and evidence on the merits. Claimant and Employer appeared at the second hearing and presented testimony. Based on the evidence presented at both hearings, the Board issued a decision and order reversing the Referee and granting benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[3] Presently before this Court is Employer's petition for review.[4]

■ Employer maintains that the OCY's finding that the report of child abuse was "indicated" constitutes proof of willful misconduct as a matter of law, rendering Claimant ineligible for benefits.

■ Section 402(e) of the Law provides that a claimant "shall be ineligible for compensation for any week ... [i]n which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work...." 43 P.S. § 802(e). While the term "willful misconduct" is not defined in this provision, numerous court decisions have defined willful misconduct as an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employee, or negligence

---

1. "Child abuse" is defined by Section 6303(b) of the Child Protective Services Law (CPSL), 23 Pa.C.S. § 6303(b), to include "[a]ny recent act or failure to act by a perpetrator which causes nonaccidental serious physical injury to a child under 18 years of age." Section 6303(a) of the CPSL, 23 Pa.C.S. § 6303(a), defines "serious physical injury" as an injury that "(1) causes a child severe pain; or (2) significantly impairs a child's physical functioning, either temporarily or permanently." If an OCY investigation reveals substantial evidence of child abuse, then the allegation is found to be "indicated." Section 6303(a) of the CPSL, 23 Pa.C.S. § 6303(a).

2. Claimant did not work for Employer after the July 16, 2004 suspension date. His final bi-weekly rate of compensation was $740.00.

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

4. Our review in an unemployment compensation matter is limited to determining whether constitutional rights were violated, an error of law was committed, and whether the necessary findings of fact are supported by substantial, competent evidence. *Brady v. Unemployment Compensation Bd. of Review*, 115 Pa. Cmwlth. 221, 539 A.2d 936 (1988).

indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Brady.* It is the employer's burden to prove that the discharge was based on willful misconduct connected to the claimant's work. *Id.*

As a residential facility serving children, Employer is prohibited by state law from employing anyone with an indicated report of child abuse on his or her record. In order to maintain its operating license, Employer claims that it had no choice but to terminate Claimant's employment on the basis of the OCY determination. Therefore, Employer concludes that the indicated report of abuse constitutes proof of willful misconduct as a matter of law.

While Employer's dilemma is understandable, we believe that the mere existence of the indicated report of child abuse in this case does not constitute willful misconduct *per se.* Certainly the OCY determination is sufficient to establish Employer's obligation to terminate Claimant's employment for purposes of preserving its license under the CPSL. Without more, however, the OCY determination does not support a finding that Claimant was discharged for actions rising to the requisite level of willful misconduct under Section 402(e) of the Law.

■ The record reveals that Employer failed to present any admissible testimony or evidence, independent of the OCY determination, to support a finding of willful misconduct. The extent to which Employer investigated this matter is minimal.

Employer's program administrator, Michael Haggerty, testified that he was notified of the incident by a co-worker who allegedly witnessed Claimant punch the client. However, Employer did not present the co-worker as a witness at either hearing.

■ Moreover, Claimant timely objected to Mr. Haggerty's testimony regarding the details of the incident as hearsay. Hearsay evidence, properly objected to, is not competent to support a finding of the Board. *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976).

■ The Board also credited Claimant's testimony and that of his co-worker, Damiqua Savage, who was an eye-witness to the incident. Both witnesses unequivocally testified that Claimant did not punch or abuse the client in any manner during the July 16, 2004 incident. Significantly, the Board resolved all testimonial conflicts in favor of Claimant and Savage. Questions of credibility and resolution of conflicts are within the exclusive province of the Board, as the ultimate fact-finder. *BMY, a Div. of Harsco Corp. v. Unemployment Compensation Bd. of Review*, 94 Pa.Cmwlth. 579, 504 A.2d 946 (1986).

■ Our review of the record supports the Board's finding that Employer failed to directly link the OCY's finding of child abuse to Claimant for purposes of establishing willful misconduct under Section 402(e) of the Law.[5] We therefore con-

---

**5.** We reject Employer's additional argument that Claimant was collaterally estopped from challenging the OCY's finding of child abuse during the subsequent unemployment compensation proceedings simply because he failed to appeal that determination. Collateral estoppel, or issue preclusion, applies where: (1) an issue decided in a prior action is identical to one presented in a later action,

(2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Hodge v. Unemployment Compensation Bd. of Review*, 735 A.2d

clude that the Board did not err in determining that Claimant is not ineligible for benefits. Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 24th day of October, 2005, the March 9, 2005 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

758 (Pa.Cmwlth.1999). As the Board aptly notes, collateral estoppel does not apply where, as here, Claimant did not have a full and fair opportunity to litigate the allegation of child abuse at the OCY level.