**Anthony A. FALCONE, Petitioner**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2013.

Decided July 9, 2013.

---

Anthony A. Falcone, pro se.

Judith M. Gilroy, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Petitioner Anthony A. Falcone (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the Unemployment Compensation Referee's (Referee) decision, denying Claimant's request for backdating of his application for unemployment compensation benefits and claims weeks. For the reasons set forth below, we affirm in part and reverse in part.

On or about June 30, 2012, Claimant electronically applied for unemployment benefits, requesting, on the basis of medical reasons, that his application be backdated to May 13, 2012. (Certified Record (C.R.), Items No. 1–2.) In addition, Claimant also requested backdating of his claims for the weeks ending May 26, 2012, through June 30, 2012. (*Id.*) The Duquesne UC Service Center (Service Center) issued a determination, denying Claimant's request for backdating of his application and claims weeks. (C.R., Item No. 3.) Claimant appealed the Service Center's determination, and a Referee conducted an evidentiary hearing.

At the hearing, Claimant testified that he worked as a full-time salesperson for Foundation Radiology Group, Inc. (Employer), earning a salary of $90,000. (C.R., Item No. 7 at 3.) Claimant testified that Employer laid him off and that his last day of work was May 14, 2012. (*Id.*) He also testified that on June 30, 2012, he applied for unemployment benefits via the internet. (*Id.* at 3–4.) He testified that he waited until the end of June to apply for benefits because a number of his close relatives had severe medical issues. (*Id.* at 4.) Specifically, Claimant testified that, since the beginning of May 2012, his eighty-two-year-old mother's health declined as a result of cancer. (*Id.*) Also, he had to provide urgent medical care to his seven-year-old son, whose developmental

issues had become exacerbated. (*Id.*) Claimant further testified that his maternal uncle, with whom he has a close relationship, was hospitalized for "much of the month of June [2012]." (*Id.*) Claimant testified that when he eventually applied for unemployment compensation benefits, it took him approximately thirty minutes to complete and file his application for benefits electronically. (*Id.* at 5.) Finally, he testified that the reason he did not file his application prior to June 30, 2012, was that he was distracted and that "[his] 100 percent attention was [directed] to getting the care for all three of them." (*Id.*)

Following the hearing, the Referee issued a decision, affirming the Service Center's determination denying Claimant's request for backdating. The Referee made the following relevant findings:

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c).

2. 34 Pa.Code § 65.43a, relating to extended filing, provides in relevant part:
   (a) For a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week. If the earliest week for which a claim for compensation is filed in accordance with this subsection precedes the week in which the claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.
   . . .
   (c) *The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e).* The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).
   (d) *If a claimant fails to file a claim for compensation within the time allowed* in

1. The claimant was last employed by Foundation Radiology Group, Inc. as a full-time Salesperson from May 4, 2011 until his last day worked of May 14, 2012, at a final annual salary of $90,000.00.

2. The claimant's mother is 82 years old and was admitted to the hospital at the beginning of May 2012.

3. The claimant's seven year-old son has developmental issues.

4. The claimant used the internet to open an application for benefits on [or] about June 30, 2012.

(C.R., Item No. 8.) Based on Section 401(c) of the Unemployment Compensation Law (Law),[1] relating to qualifications required to secure compensation, and 34 Pa.Code § 65.43a,[2] relating to extended filings, the

subsection (a) or (b) or § 65.43 (relating to claims for compensation—when to file), *for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).*
(e) For purposes of subsections (c) and (d) the number of weeks is determined as follows:
   *Reason Number of weeks*
   The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. 6
   The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. 2
   A UC Office fails to accept a filing as a result of error or mistake by the Department. 52
   *Sickness or death of a member of the claimant's immediate family or an act of God.* 2
   Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. 2

Referee denied Claimant's "request to backdate the date of his application to May 13, 2012 and to backdate credit for the waiting week ending May 19, 2012 and the claim weeks ending May 26, 2012 through June 30, 2012." (*Id.*)

Claimant appealed to the Board, and the Board affirmed the Referee's decision. (C.R., Item No. 10.) In affirming the Referee's decision, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. (*Id.*) Furthermore, the Board specifically noted that "the medical issues of the claimant's immediate family members, were serious, but they existed over a considerable period of time and should not have kept the claimant from timely filing for benefits." (*Id.*)

■ On appeal,[3] Claimant argues that the Board erred in affirming the Referee's decision denying his request for backdating. Specifically, Claimant argues that under 34 Pa.Code § 65.43a, his mother's and son's medical issues entitle him to have his application for benefits backdated by six weeks. Based on the same regulation, he also argues that he is entitled to have his claim weeks ending on May 26, 2012, through June 30, 2012, backdated. In response, the Board counters that Claimant

did not prove how his immediate family members' sickness *prevented* him from filing his application for benefits timely and as a result, he is ineligible for extended filing. The Board further argues that because Claimant is ineligible to backdate his application, it logically follows that he also is ineligible to backdate claims for weeks ending May 26, 2012, through June 30, 2012.

The Department of Labor and Industry (Department) promulgated regulations that govern the mechanics of filing an application and claims for compensation and the backdating of applications and claims weeks. Generally, "[a]n application for benefits is effective on the first day of the calendar week in which the application is filed or deemed filed in accordance with [Section] 65.43a (relating to extended filing), whichever is earlier." 34 Pa.Code § 65.42. A claimant's application will be deemed filed prior to the actual filing date if one of the reasons set forth in Section 65.43a(e) applies. 34 Pa.Code § 65.43a(c). The reasons for late filing of application for benefits include, *inter alia*, the "[s]ickness or death of a member of the claimant's immediate family." 34 Pa.Code § 65.43a(e). With regard to the filing of claims,[4] "[f]or a week in which a claimant

(f) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or § 65.43 due to the claimant's illness or injury, the time for filing the claim is extended until the last day of the second week after the incapacity ends.

. . .

(h) *If two or more of the reasons enumerated in subsections (e) and (f) have prevented a claimant from filing a claim for compensation within the time allowed in subsection (a) or (b) or § 65.43, the longest extension applies. If adherence to the longest extension would be inequitable to the claimant, the sum of the applicable extensions applies.*
(i) Notwithstanding any provision of this section, the Department may not extend the time for filing a claim for compensation

more than 52 weeks and may not deem an application for benefits to be filed in a week included in a previous benefit year.
(Emphasis added.)

3. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. It is axiomatic that without filing an application for benefits, a claimant cannot file claims for unemployment compensation. Generally, the first time a claimant may file a claim for benefits is following the two-week

was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week." 34 Pa.Code § 65.43a(a). Like an application for benefits, claim weeks also may be backdated by the number of weeks indicated in Section 65.43a(e) if the claimant's untimely filing of the claims is due to one or more of the enumerated reasons in Section 65.43a(e). 34 Pa.Code § 65.43a(d). Thus, if a claimant is determined to be eligible for backdating on account of sickness or death of an immediate family member, then his application and claims weeks must be backdated by two weeks only. *Id.*

Based on our interpretation of the Department's regulations, a claimant must merely demonstrate that an immediate family member is sick or has died to be eligible for extended filing under Section 65.43a(e) of the regulations. In other words, contrary to the Board's argument, a claimant does not need to establish that the sickness or death of an immediate family member actually *prevented* the claimant from filing an application or claim for benefits at an earlier date when seeking backdating under subsection (e), as the word "prevent" does not appear anywhere in that subsection. Rather, if a claimant establishes sickness or death of an immediate family member, his application or claim may be backdated *two* weeks under subsection (e).

Here, the Referee and Board found that Claimant's mother was hospitalized at the beginning of May and that his son has developmental issues. (C.R., Item No. 8.) The Board acknowledges in its brief that the medical problems of Claimant's family members lasted throughout the month of May 2012, both before and after he was separated from his employment on May

14, 2012. The Board, however, focuses its argument on the fact that Claimant did not show he was prevented from filing the application because he merely testified that he was "distracted." (Board's br. at 6.) Because subsection (e) does not require a showing that the reason prevented a claimant from filing, we conclude that Claimant met the requirements of extended filing for purposes of subsection (e) by establishing the sickness of an immediate family member. The Board, therefore, erred in not backdating his application for benefits (and related claims weeks) by two weeks.

■ Our analysis, however, does not end here, as Claimant contends that he was entitled to have his application for benefits backdated by *six* weeks (*i.e.*, to May 13, 2012), and his claims backdated to the weeks ending May 26, 2012, through June 30, 2012. It is unclear from Claimant's sparse brief the legal basis for his contention that he is entitled to more than *two* weeks backdating. As discussed above, the Department's regulations generally permit only two weeks of backdating on account of sickness or death of an immediate family member. 34 Pa.Code § 65.43a(e). Section 65.43a(h) of the regulations, however, allows for more generous backdating when two or more "reasons" for extended filing exist. 34 Pa.Code § 65.43a(h). Specifically, "[i]f two or more of the *reasons* enumerated ... have *prevented* a claimant from filing a claim for compensation within the time allowed" and "[i]f adherence to the longest extension would be *inequitable* to the claimant, the sum of the applicable extensions applies." *Id.* (emphasis added).

Here, Claimant asserts only one reason for extended filing—sickness or death of an immediate family member. No other

period that begins with the effective date of       the application.

enumerated "reason" was asserted. One may argue, therefore, that subsection (h) is inapplicable, as it requires at least two reasons for extended filing to exist in order to be entitled to more generous backdating. Claimant does, however, assert that three different family members were ill during the relevant time period, although the Referee only made findings as to two immediate family members who were ill. It is unclear if Claimant is attempting to assert that he was entitled to two weeks for each of his three sick immediate family members.[5]

Even if we were to consider the sickness of individual family members as separate reasons for purposes of subsection (h), we would still conclude that the Board did not err in failing to backdate his application and claims six weeks. Unlike Section 65.43a(e) of the regulations, in order for the provisions of Section 65.43a(h) to apply, a claimant must establish that the proffered reason actually *prevented* the claimant from filing. Thus, based upon the language of the regulation, in order for a claimant to obtain the more generous backdating permitted in subsection (h) based upon sickness of an immediate family member, a claimant would be required not only to establish that the family member was sick, but also that the sickness prevented the claimant from filing. Here, Claimant testified that, although it ulti-mately took him only thirty minutes to file the application on-line, he did not apply sooner because he was distracted by his family members' illnesses. Claimant did not provide testimony that would support a determination that the proffered reason prevented him from filing an application for benefits and related claims during the six weeks at issue.[6] As such, the Board did not err in not backdating Claimant's application and claims the entire six weeks requested by Claimant.

The Board, therefore, did not err in concluding that Claimant's application for benefits and his claims weeks could not be backdated six weeks under Section 65.43a of the Department's regulations. The Board erred, however, to the extent that it denied the backdating of Claimant's application and claims by two weeks. Based on our conclusion that Claimant is entitled to have his application for benefits backdated two weeks, Claimant also is entitled to claim benefits for the weeks ending June 16, 2012, and June 23, 2012.

Accordingly, we affirm in part and reverse in part the Board's order.

## ORDER

AND NOW, this 9th day of July, 2013, the order of the Unemployment Compensation Board of Review is hereby AF-

5. At the hearing before the Referee, Claimant testified that his mother, son, and maternal uncle were ill during the relevant time period, and in his brief he asserts that his mother, son, and daughter were ill during that time period. There is no evidence of record regarding illness on the part of his daughter. This Court may not predicate its decision on any evidence that is not part of the certified record on appeal. *Lausch v. Unemployment Comp. Bd. of Review*, 679 A.2d 1385, 1393 n. 13 (Pa.Cmwlth.1996), *appeal denied*, 547 Pa. 745, 690 A.2d 1164 (1997). We, therefore, only relied on evidence of record in rendering this decision.

6. Had Claimant established that the proffered reasons prevented him from filing his application and related claims, Claimant still would not have been entitled to more than two weeks backdating unless it were determined that "adherence to the longest extension would be inequitable to the claimant." 34 Pa.Code § 65.43a(e). Only then could Claimant's application and related claims be backdated for the "the sum of the applicable extensions." *Id.*

FIRMED in part and REVERSED in part.

## CONCURRING & DISSENTING OPINION BY Judge McCULLOUGH.

I agree with the Majority's conclusion that the Unemployment Compensation Board of Review (Board) erred in refusing to backdate the application of Anthony A. Falcone (Claimant) for benefits. However, I respectfully dissent because I disagree with the Majority's conclusion that Claimant failed to provide sufficient evidence establishing that the proffered reason for his late filing, i.e., the sickness of several members of his immediate family, prevented him from filing his application sooner.

As the Majority aptly notes, section 65.43a(e) of the regulations of the Department of Labor and Industry (Department) permits a claimant to backdate an application for two weeks if the "[s]ickness ... of a member of the claimant's immediate family" prevented an earlier filing. 34 Pa. Code § 65.43a(e).[1] Additionally, section 65.43a(h) of these regulations permits the backdating of an application for a period greater than two weeks. Specifically, this section provides that:

If two or more of the reasons enumerated in subsections (e) and (f) [2] have prevented a claimant from filing a claim for compensation within the time allowed in subsection (a) or (b) or § 65.43, the longest extension applies. If adherence to the longest extension would be inequitable to the claimant, the sum of the applicable extensions applies.

34 Pa.Code § 65.43a(h).

Before the referee, Claimant testified that in the beginning of May 2012, his mother, aged 82, became "seriously ill" with "cancer and a brain tumor." (Certified Record (C.R.) at Item No. 7.) Claimant later explained that his mother had to have surgery to remove a portion of one of her lungs. *Id.* At the same time, Claimant stated that his son, aged 7, had "serious developmental issues that ... required some urgent medical care." *Id.* Additionally, Claimant indicated that his maternal uncle, with whom he was "very tight," was rushed to the hospital in early June, that the uncle nearly died, and that the uncle remained in the hospital much of that month.[3] *Id.* Claimant described himself as "very distracted" during this period, devoting his full attention to his sick family members. *Id.* Claimant noted that, be-

---

1. Section 65.43a(e) sets forth five different situations where backdating is permitted, including the following:

| Reason | Number of weeks |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

2. Section 65.43a(f) extends the time for filing a claim for benefits in situations where the claimant becomes ill or suffers an injury.

3. Claimant offered a doctor's note to validate this testimony but the referee concluded that the note was unnecessary because it was duplicative of his testimony.

cause he was receiving a small severance at that time and his family's health was his priority, he never thought of filing a claim for unemployment compensation benefits. *Id.*

I would conclude that Claimant's testimony was sufficient to establish that the sickness of several members of his immediate family prevented him from filing his application sooner. Nevertheless, as the Majority correctly notes, questions arise as to whether Claimant was entitled to two weeks of backdating for each family member, whether the sickness of multiple family members counts as separate reasons under section 65.43a(h) of the Department's regulations, and, if so, whether "adherence to the longest extension would be inequitable" to Claimant. For these reasons, I would vacate the Board's order and remand for further findings.