IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John M. Kotuba,                          :
                        Petitioner       :
                                         :
            v.                           : No. 1140 C.D. 2024
                                         : Submitted: November 6, 2025
Unemployment Compensation                :
Board of Review,                         :
                        Respondent       :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  January 22, 2026


        John M. Kotuba (Claimant), who represented himself in the proceedings
below and continues to represent himself on appeal, petitions for review of the July
23, 2024 order of the Unemployment Compensation Board of Review (Board),
which affirmed the Unemployment Compensation Referee's (Referee) decision
denying Claimant's request to backdate claims pursuant to Section 401(c) of the
Unemployment Compensation Law (Law),[1] 43 P.S. § 801(c).  After review, we
affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*,
43 P.S. §§ 751-919.10.

## BACKGROUND

Claimant filed an application for unemployment compensation (UC) benefits on January 22, 2023. Certified Record (C.R.) at 3. Thereafter, Claimant only filed the required weekly claims for three weeks. *Id.* at 88-92. On January 4, 2024, Claimant completed a Backdating Questionnaire, wherein Claimant requested to file weekly claims, retroactively, for weeks ending February 18, 2023, through November 11, 2023. *Id.* at 15-18. In a Notice of Determination dated January 5, 2024, the Department of Labor and Industry (Department) denied Claimant's request to backdate claims for the weeks ending February 18, 2023, through November 11, 2023, under Section 401(c) of the Law.[2] *Id.* at 20-21. On January 18, 2024, Claimant appealed the Department's denial. *Id.* at 37.

On March 20, 2024, the Referee held a hearing on Claimant's appeal. C.R. at 78-107. Claimant testified and also offered testimony from one witness, his son, Brent Kotuba. *Id.* Claimant admitted to initially being able to file his weekly claims without issue by using his iPhone. *Id.* at 85, 92. Claimant also admitted to knowing he needed to file his claims on a weekly basis. *Id.* at 88. Claimant's testimony reflects that beginning in February of 2023, he "was going through a rough time in his life," "[f]elt like [his] whole world was caving in," and "was just ready to give up on everything." *Id.* at 93. Claimant testified he has multiple medical conditions that make it difficult for him to walk. *Id.* at 91; Claimant's Br. at 7. He also testified that his wife, sister-in-law, and mother-in-law were all diagnosed with breast cancer

---

[2] Section 401(c) of the Law provides that UC "shall be payable to any employe who is or becomes unemployed" when the person "[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment." 43 P.S. § 801(c).

2

at the same time. C.R. at 93. Claimant also stated he became depressed due to financial concerns from losing his job. *Id.* at 92-93.

Nevertheless, Claimant admitted that upon experiencing frustration in filing weekly claims, he should have sought the assistance of either his son or the attorney who initially filed his UC claim. *Id.* at 94. Claimant explained that he attempted to speak to an unemployment compensation representative "at least twice," but gave up after being on hold for two hours. *Id.* at 95-96. Claimant likewise explained he experienced technical difficulties when attempting to file claims on his iPhone, in that while he was able to initially log on and answer questions, he would get logged out and have to start all over again. *Id.* at 92-93. In turn, he often gave up. *Id.* Claimant admitted he did not attempt to file claims for benefits by phone or by computer at either a local CareerLink Office or library. *Id.* at 88, 90.

By decision dated March 21, 2024, the Referee made the following relevant findings of fact:

1. With the assistan[ce] of a family friend who is an attorney, [Claimant] filed an initial claim for [UC] benefits with the [Department], which established a UC claim effective January 22, 2023, with a benefit year ending date of January 20, 2024.

2. The [Claimant] used his personal smartphone to file the first few weekly claims through the Department's online claims system after the initial UC claim effective January 22, 2023 was filed.

3. Thereafter, the [Claimant] became depressed after losing a job that he loved and his family members becoming diagnosed with cancer.

4. The [Claimant] tried calling the Department a couple of times without success during periods of high call volumes.

3

5. The [Claimant] experienced some technical issues initially while trying to file claims where he would be logged out of the Department's online UC claims system and then prompted to log back in again.

6. When the [Claimant] would be logged out of the Department's online UC claim system, he was able to log back in.

7. The [Claimant] became frustrated with the process and gave up trying to continue [to] file weekly claims on or around February 12, 2023.

8. In December 2023, the [Claimant] learned that a Referee's decision in another appeal found him eligible for UC benefits.

9. The [Claimant] contacted his local state representative's office in December of 2023 for assistance trying to obtain his UC benefits for prior weeks.

10. Subsequently, on January 4, 2024, the [Claimant] requested the Department backdate the claims for the period beginning February 12, 2023, through November 11, 2023.

C.R. at 110. The Referee then examined Section 401(c) of the Law, 43 P.S. § 801(c), and Sections 65.41, 65.42, 65.43 and 65.43a of the Department's regulations[3] and concluded that "[C]laimant's failure to file the claim in a timely manner does not fall within the provisions that would allow for backdating." *Id.* at 112. As a result, the Referee denied Claimant's request to backdate claims for the period of February 12, 2023, through November 11, 2023. *Id.*

Claimant appealed to the Board, which issued a decision on July 23, 2024. C.R. at 137-138. Upon consideration of the entire record, the Board affirmed the Referee's decision, adopting and incorporating the Referee's findings of fact and conclusions of law. *Id.* at 137. The Board rejected Claimant's arguments that he

---

[3] 34 Pa. Code §§ 65.41, 65.42, 65.43, 65.43a.

4

was in a "bad mental state," and that he "thought that he had to file for weekly benefits on the computer," and noted that the only matter at issue was Claimant's eligibility for backdating. *Id.* While expressing sympathy for Claimant's life circumstances during the period in question, the Board found that the evidence of record did not support the relief he requested. *Id.* at 138.

Claimant now petitions for review of the Board's order. On appeal, Claimant raises two issues. First, Claimant asserts the Board erred in failing to consider the difficultly imposed upon an average citizen, who does not own a computer or have internet access, to sign up each week for benefits. Second, Claimant asserts the Board erred in failing to consider his "physical liabilities and other circumstances." Claimant's Br. at 6-7. The Board argues the issue of backdating is very narrow and Claimant has not established entitlement to backdating because his failure to file weekly claims does not fall within the enumerated exceptions in the Department's regulations. Board's Br. at 4.

## DISCUSSION

This Court reviews the Board's orders to determine if the Board committed an error of law or violated a claimant's constitutional rights or agency practice and procedure. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the Board's findings of fact. *Id.* As the factfinder in these cases, the Board must assess witness credibility and weigh the evidence. *Hubbard v. Unemployment Comp. Bd. of Rev.*, 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted). We do not disturb the Board's credibility determinations on appeal. *Strichko v. Unemployment Comp. Bd. of Rev.*, 119 A.2d 371, 375 (Pa. Cmwlth. 1988) ("It is well established that the credibility of witnesses is for the Board to determine.").

5

Section 65.43 of the Department's regulations requires a claimant to "file a claim for compensation for a week no later than the last day of the second week after the end of the week claimed." 34 Pa. Code § 65.43. If a claimant fails to do so, the claimant may still be entitled to backdate the claim, so long as the reason for the claimant's untimeliness falls within Section 65.43a of the Department's regulations. *See Mitcheltree v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 701, 703-704 (Pa. Cmwlth. 1993); 34 Pa. Code § 65.43a.[4] Section 65.43a(e) of the Department's regulations sets forth various accepted reasons for untimeliness and identifies how many weeks a claim can be backdated for each accepted reason, as follows:

> The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons (6 weeks);
>
> The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used (2 weeks);
>
> A UC Office fails to accept a filing as a result of error or mistake by the Department (52 weeks);
>
> Sickness or death of a member of the claimant's immediate family or an act of God (2 weeks);
>
> Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant (2 weeks).[5]

34 Pa. Code § 65.43a(e).

---

[4] The *Mitcheltree* decision cited 34 Pa. Code § 65.33, which was a previous codification of the regulation now 34 Pa. Code § 65.43a. *Mitcheltree*, 635 A.2d at 703-04.

[5] Section 65.43a(e) also provides for backdating related to the COVID-19 global pandemic; however, we have omitted this provision because it is not relevant here.

A claimant bears the burden of proving entitlement to backdated benefits. *Egreczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017). In addition, a "claimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision." *Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 703-380 (Pa. Cmwlth. 2021).

Claimant's first issue is whether the Board erred in failing to consider the difficulties imposed on an average citizen, who does not own a computer or have internet access, to sign up each week for benefits. Claimant, however, acknowledged he could have filed his weekly claims by telephone, by utilizing the internet on his phone, or by going to a public location with internet access. Moreover, to the extent Claimant thinks the law is unfair or overly burdensome, he would need to implore his legislature to change the law. This Court's role is simply to apply the law. To the extent Claimant's arguments attempt to establish he had a qualifying reason for delayed filing of his weekly claims, we analyze whether the Board erred in determining Claimant did not qualify for backdating under Section 65.43a of the Department's regulations.

At the outset, we conclude the Board's factual findings are supported by substantial evidence. The Board found that Claimant was aware of his obligation to file weekly claims, succeeded in filing weekly claims for a few weeks, but then became "frustrated" with the process and did not file any further claims. C.R. at 137-138. The Board also found Claimant failed to avail himself of numerous means of filing weekly claims, and instead simply stopped putting forth any effort. These findings are supported by Claimant's testimony.

7

Next, we turn to Section 65.43a(e) of the Department's regulations' first acceptable reason for filing a claim late: excessive call volume. *See* 34 Pa. Code § 65.43a(e). The Department's regulations allow six extra weeks for filing if "[t]he Department suspends accepting filing or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons." *Id.* Here, Claimant testified that he attempted to speak to an unemployment compensation representative "at least twice," but gave up after being on hold for two hours. C.R. at 95-96. However, Claimant did not specify the date of his phone calls, or indicate whether he attempted to call again. Consequently, the Board did not err in determining Claimant did not establish an entitlement to backdating claims based upon excessive call volume.

The next acceptable reason for filing a claim late in the Department's regulations is technical difficulties. *See* 34 Pa. Code § 65.43a(e). The Department's regulations allow two extra weeks for filing if the telephone, internet or fax that Claimant attempts to use for filing is unavailable or malfunctions on the last day of the filing period. *Id.* Here, Claimant testified he experienced technical difficulties while attempting to file claims on his iPhone. C.R. at 92-93. Claimant admitted he just gave up in response to these technical difficulties. *Id.* at 93. Claimant also admitted that he did not attempt to file his claims by phone or by computer at either the local library or a CareerLink Office. *Id.* at 88 and 90. Again, we conclude the Board did not err in determining Claimant did not establish an entitlement to backdating claims based upon technical difficulties.

The Department's regulations also allow a two-week filing extension for sickness or death of an immediate family member. 34 Pa. Code § 65.43a(e). A claimant need not establish that the sickness or death prevented him from filing

8

claims, merely that it occurred. *Falcone v. Unemployment Comp. Bd. of Rev.*, 72 A.3d 301, 305 (Pa. Cmwlth. 2013). Here, Claimant testified that his wife, sister-in-law, and mother-in-law were all diagnosed with breast cancer at the same time. C.R. at 93. Again, Claimant did not testify as to when in "early 2023" his wife, sister-in-law, and mother-in-law were diagnosed with cancer, the extent of their illnesses, or how long their illnesses lasted. Therefore, we conclude the Board did not err in determining Claimant did not establish an entitlement to backdating claims based upon sickness or death of an immediate family member.[6]

Claimant's final issue is whether the Board erred in failing to consider his physical limitations. The Board's regulations extend the deadline for filing a claim when the Claimant has an "illness or injury . . . until the last day of the second week after the incapacity ends." *See* 34 Pa. Code § 65.43a(f). Claimant testified he had multiple medical conditions that affect his ability to walk. C.R. at 91. Claimant did not, however, testify that his injury incapacitated him to the point of being unable to file for benefits. Rather, he testified he had difficulty walking and that this inconvenienced his ability to visit the library or a CareerLink Office to use their computers. Claimant also admitted he did not make any attempts to visit either facility for the purpose of filing a claim. As a result, we conclude the Board did not err in determining Claimant did not establish an entitlement to backdating claims based upon his own illness or injury.

---

[6] In its Brief, the Board summarily states that Claimant's testimony as to the illnesses of his mother-in-law and sister-in-law is immaterial as neither qualifies as "immediate family" under the regulation. However, we need not reach this issue as similarly to his wife, Claimant failed to produce any evidence as to the time periods associated with the illnesses of either individual.

## CONCLUSION

Accordingly, like the Board, we are not without compassion for Claimant, but we are charged with applying the law. We affirm the Board's order.

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John M. Kotuba, :
     Petitioner :
           :
   v. : No. 1140 C.D. 2024
           :
Unemployment Compensation :
Board of Review, :
     Respondent :

# **O R D E R**

 **AND NOW**, this 22nd day of January 2026, the Unemployment Compensation Board of Review's Order mailed July 23, 2024 is **AFFIRMED**.

            _____
            STACY WALLACE, Judge